NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7262 |
| Plaintiff - Appellee, | D.C. No. 1:93-cr-00053-SPW-1 |
| v. | |
| DANIEL RIVERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted July 15, 2025[**]

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Daniel Rivera appeals from the district court's judgment revoking supervised release and challenges two special conditions of supervised release imposed as part of that judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rivera argues that the district court erred in imposing special conditions 3 and 8 because it did not explain, nor does the record establish the need for, these conditions. Because Rivera did not object to the conditions in the district court, we review for plain error. *See United States v. Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir. 2010).

The district court did not plainly err because the reasons for the conditions are apparent from the record. *See id.* at 1119 ("A district judge need not state at sentencing the reasons for imposing each condition of supervised release, if it is apparent from the record.") (emphasis omitted). As the district court explained, Rivera's underlying conviction and repeated supervised release violations involving sexual behavior, as well as his failure to complete sex offender treatment, make him a risk to the community. It is evident from the record that the court imposed the challenged conditions to lessen that risk. *See United States v. Gnirke*, 775 F.3d 1155, 1160 (9th Cir. 2015). Moreover, the conditions are reasonably related to the goals of supervised release and involve no greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d); *Gnirke*, 775 F.3d at 1162-63.

**AFFIRMED.**